958 F.2d 380
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
J.S. WHITAKER, Plaintiff-Appellant,
v.
Sgt. TSNOR, C.O. Brown, Defendants-Appellees.
 No. 90-16640.
 United States Court of Appeals, Ninth Circuit.
 Submitted March 13, 1992.*
Decided March 17, 1992.
 
 Before BROWNING, POOLE and WIGGINS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 J.S. Whitaker, a California state prisoner, appeals pro se the district court's summary judgment in favor of prison officials in his 42 U.S.C. § 1983 action. Whitaker argues that he was denied due process when prison officials placed him in administrative segregation. We review de novo, Kruso v. International Tel. & Tel. Corp., 872 F.2d 1416, 1421 (9th Cir.1989), cert. denied, 110 S.Ct. 3217 (1990), and we affirm.
 
 
 3
 After Whitaker engaged in a verbal dispute with a correctional officer, the officer ordered that he be confined to his cell and stated that she would issue a disciplinary report against him. She subsequently decided that counseling was appropriate because Whitaker was already receiving psychiatric treatment and decided not to issue a disciplinary report. Whitaker then was released. He spent less than seventy-two hours in administrative segregation.
 
 
 4
 When California prison officials segregate a prisoner for administrative reasons, due process requires only that the officials inform the prisoner of their reasons for segregation and institute disciplinary proceedings within a "reasonable time" after the prisoner is segregated. See Touissant v. McCarthy, 801 F.2d 1080, 1100 (9th Cir.1986), cert. denied, 481 U.S. 1069 (1987). Seventy-two hours constitutes a reasonable time. Id. at 1100 n. 20. The due process clause does not require detailed written notice of charges or a written decision describing the reasons for placing the prisoner in administrative segregation. Id. at 1100-01.
 
 
 5
 It is undisputed that Whitaker spent less than seventy-two hours in administrative segregation. Accordingly, the district court properly granted summary judgment in favor of the prison officials. Id.
 
 
 6
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3